The present law suit arises out of a claim by the plaintiff, a company engaged in the wholesale nursery business, for sums claimed to be due from the corporate defendant for top soil sold to the corporation under a guaranty from the individual defendant. The defendants have filed a Motion to Dismiss the action, claiming that the court lacks personal jurisdiction, and an evidentiary hearing was held with respect to the Motion Dismiss. CT Page 5558
The plaintiff is engaged in the wholesale nursery business in Greenwich, Connecticut and the defendant corporation is a New York Corporation engaged in the construction business in the State of New York. The individual defendant is an officer of the corporate defendant and neither the corporate nor individual defendant has any relationship with the State of Connecticut other than set forth herein. Witnesses for the plaintiff testified as to the standard practice of not opening a charge account without the physical presence of the customer in the State of Connecticut. However, there was no direct evidence of the presence of an authorized representative of the defendant in the State of Connecticut. At any rate, an application for a charge account was to signed by the individual defendant, as an officer of the corporate defendant, in the State of New York and the individual defendant also signed, in the State of New York, a personal guaranty. It further appears that on a few occasions a subcontractor of the corporate defendant picked up material in Connecticut for a construction project located in New York. The sums charged for the materials were billed to the charge account and paid by the corporate defendant. However, the charges for material picked up in Connecticut by the subcontractor are not involved in the present law suit.
The present law suit arises out of a sale of top soil to the corporate defendant for a construction project located in the State of New York. It appears that a representative of the defendant contacted the plaintiff and discussions occurred with respect to the price of top soil to be ordered. Eventually, a price was agreed upon and the plaintiff contacted its supplier in Long Island and the top soil was delivered directly from Long Island to the job site upon which the defendant was working in the State of New York.
Prior to the delivery of the top soil, certain individuals did come to Connecticut to inspect the type of top soil to be supplied. However, it appears that the individuals who came to Connecticut were the customer of the defendant in New York and there is no evidence that the defendant, or anyone representing it, physically came to Connecticut to inspect the top soil. The cause of action in the present matter, therefore, arises out of a telephone order placed for top soil to be delivered in the State of New York. The top soil involved in the transaction was delivered from a New York site to a New York site so that the top soil itself was never in the state of Connecticut.
The plaintiff asserts that jurisdiction over the corporate defendant exists by virtue of General Statutes 33-411(c) which provides that a foreign corporation shall be subject to suit in this state "on any cause of action arising as follows: (1) out of any contract made in this state or to be performed in this state." The plaintiff also claims that jurisdiction over the individual defendant exists CT Page 5559 by virtue of the provisions of General Statutes 52-59b which provides, that "[A]s to a cause of action arising from any of the acts numerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through agent: (1) Transacts any business within the state." The plaintiff also claims that jurisdiction over the individual defendant exists, under General Statutes 52-59b, as a result of the commission of a tortious act within this state. However, the court finds that there is no basis for such a claim.
In the determination of the existence of personal jurisdiction, the court first addresses whether the statute in question authorizes the exercise of jurisdiction and if so, whether the assertion of such jurisdiction would violate constitutional principles of due process. Frazer v. McGowen, 198 Conn. 243, 246 (1986); Lombard Bros. Inc. v. General Asset Management Co., 190 Conn. 245,250 (1983). A due process analysis requires an examination of whether a nonresident defendant in the foreign state has "certain minimum contacts . . . such as that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington,326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness." U.S. Trust Co. v. Bohart, 197 Conn. 34, 41 (1985). The doctrine of foreseeability is that the defendant's conduct in connection with the foreign state are such that he should reasonably anticipate being haled into court in that state. World-Wide Volkswagen Corp. v. Woodson,44 U.S. 286, 297, 100 S.Ct. 559, 567, L.Ed.2d 490 (1980). In determining the existence of jurisdiction, the plaintiff must sustain the burden of proof with respect to the Motion to Dismiss. Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 54 (1983).
With respect to the corporate defendant, the court finds that the transaction described in the present law suit is not one which arises out of contract made or to be performed in this state within the meaning of General Statutes 33-411(c)(1). With respect to the individual defendant, the court finds that the cause of action asserted does not arise out of the transaction of business in the state within the meaning of General Statutes 52-59b(a)(1). The only relationship of the individual defendant with the State of Connecticut consisted of a guaranty signed in the State of New York to pay sums due to a Connecticut resident. The fact that payment was to be made in Connecticut to a Connecticut resident does not constitute the transaction of business. Savin v. Ranier898 F.2d 304, 307 (2nd Cir. 1980). Even if the aforementioned statutes were construed so as to justify the assertion of jurisdiction, the assumption of such jurisdiction would raise serious due process considerations under the cases here in cited. CT Page 5560
Accordingly, the Motion to Dismiss is hereby granted.